James D. GARREN and Gerra Garren, Plaintiffs–Appellants,

v.

CITY OF ENGLEWOOD, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

Jan. 28, 1993.

Permission to Appeal Denied by Supreme Court June 1, 1993.

W. Holt Smith, Madisonville, for plaintiffs-appellants.

Ronald D. Wells, Robinson, Smith & Wells, Chattanooga, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiffs allege that defendant through the negligent way and manner one of its

officers engaged in a motor vehicle pursuit of a third-party who collided with plaintiffs' vehicle, was a proximate cause of plaintiffs' damage and injuries.

The Trial Court summarily dismissed the action based upon the Supreme Court cases of *Nevill v. City of Tullahoma*, 756 S.W.2d 226 (Tenn.1988), and *Kennedy v. City of Spring City*, 780 S.W.2d 164 (Tenn.1989). We affirm.

More and more courts are recognizing a duty is owed by police officers to innocent third parties when officers engage in pursuing suspected law violators. The Tennessee Supreme Court, however, recently declined to reconsider *Nevill* and *Kennedy*. *See McClenahan, et al v. Alan D. Lawhorne, et al.*, 849 S.W.2d 773 (Tenn.App. 1992), (permission to appeal denied by the Supreme Court, Oct. 26, 1992.)

The Supreme Court of Texas, reconsidering previously held positions in *Travis v. City of Mesquite*, 830 S.W.2d 94 (Tex.1992) said at p. 99:

"The decision to initiate or continue pursuit may be negligent when the heightened risk of injury to third parties is unreasonable in relation to the interest in apprehending suspects.... The intervention of negligent or even reckless behavior by the driver of the car whom the police pursues does not, under the emergent majority view, require the conclusion that there is a lack of proximate cause between police negligence and an innocent victim's injuries."

The "emergent majority view" is also reflected in the 1992 Florida Supreme Court case of *City of Pinellas Park v. Brown, et al.*, 604 So.2d 1222, where the court observed:

"We think the rule is that the officer should take such steps as may be necessary to apprehend the offender, but, in so doing, not exceed proper and rational bounds nor act in a negligent, or careless or wanton manner." [1]

Under existing Tennessee case law, there are no meaningful restraints placed on officers who engage in high-speed chases to protect innocent third parties from injury or death. Indeed, as *Nevill* holds, internal municipal police policies may be violated with impunity by the pursuing officer insofar as such violations relate to innocent third parties. The widespread concern for the safety of innocent third parties is demonstrated by an article on the front page of the *New York Times* on December 26, 1992, which leads:

"Increasingly alarmed by high speed pursuits that are killing hundreds of people every year, police departments around the country, as well as state and federal law makers, are clamping down on the wild, Hollywood style chases that sometimes involve caravans of speeding cruisers."

We are required under the rationale of *Nevill* and *Kennedy* to affirm the dismissal of this action. Given the existing case law and due to the ever present danger to the public, the General Assembly should establish further statutory regulation [2] of law enforcement personnel's conduct when engaging in motor vehicle pursuit of offenders on the streets and highways.

For the foregoing reasons we affirm the judgment of the Trial Court and remand and appellants' cost.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.

---

1. The Florida Court rejected the rationale employed in *Nevill* and *Kennedy* saying:

"[w]e believe it clear that a jury question exists in the present case as to proximate causation.... This conclusion is not undermined by the fact that ... [the third party's] vehicle, not one of the police cars, actually was engaged in the collision that killed the Browns. Experience and foresight support the conclusion that ...

[the third party] engaged in such reckless conduct primarily because he was being chased by police, and that this misconduct would have ceased had the police discontinued the pursuit. There is nothing extraordinary in this conclusion."

2. The current regulation is codified at T.C.A. § 55-8-108.